I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7-21-08

DEPUTY CLERK

FILED
JUL 21 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN ALBERTO ALBINO,<br><br>    Plaintiff,<br><br>    v.<br><br>LEE BACA, et al.,<br><br>    Defendants. | Case No. CV 08-3790-GAF (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Juan Alberto Albino, who is currently a state prisoner incarcerated at the California State Prison in Norco, California, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on July 3, 2008. The complaint names Lee Baca, Sheriff of Los Angeles County, as the sole defendant. For the reasons set forth below, the complaint is **DISMISSED** with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

//

//

## I. Facts

Plaintiff alleges that after his May 11, 2006 arrest for a sex offense, he was incarcerated in the Los Angeles County Jail. His request to be placed in protective custody was refused by unidentified sheriff's deputies. Plaintiff claims that on June 16, 2006, he was assaulted by fellow inmates and suffered serious injuries after those inmates were informed by deputies that Plaintiff was an accused sex offender. Plaintiff also seems to allege that the deputies denied him medical care after the assault, but also says that he was transported to the USC/County Hospital on the day he was assaulted. Plaintiff asserts that Sheriff Baca is responsible for his injuries. Plaintiff seeks $3,000,000.00 in damages.

## II. Discussion and Analysis

### A. Duty to Screen.

The Court has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See*

*Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

### B. Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Sheriff Baca.

To the extent that Plaintiff is alleging that Sheriff Lee Baca is liable due to his supervisory role over jail staff, he has failed to state a claim upon which relief may be granted. Supervisory officials are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

Here, Plaintiff has failed to allege the personal involvement of Lee Baca in the acts giving rise to the alleged Constitutional violation. Instead, Plaintiff merely names him in the caption and

makes broad allegations of responsibility based upon his status as Sheriff. However, there can only be liability under § 1983 if there is an affirmative link or connection between the defendant's actions and the claimed injury. *Rizzo v. Goode*, 423 U.S. 362. 372-73 (1976). Therefore, absent a showing of personal involvement in Plaintiff's alleged injury or some causal connection between Baca's conduct and the injury, there is no basis upon which Baca can be found liable under § 1983. Accordingly, Baca must be dismissed as a defendant.

### III. Conclusion

After review and consideration of the Complaint, the Court finds that it fails to state a claim on which relief may be granted as to Defendant Baca. Accordingly, the Complaint is dismissed with leave to amend.

Plaintiff may be able to state a cause of action against the officers or deputies who ordered him placed him in the general population after Plaintiff requested to be placed in protective custody and/or those deputies who allegedly provoked the assault upon him. If Plaintiff chooses to file a first amended complaint, he should name those deputies as defendants. He must also provide the facts supporting any allegations of misconduct against newly named defendant. The Court will then evaluate the complaint to determine whether it states a cause of action. It is hereby **ORDERED**:

1. All claims against Defendant Baca are dismissed with leave to amend for the reasons stated above.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear

the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). While it appears that Plaintiffs' supervisory liability claim is not viable, Plaintiff will be give an opportunity to demonstrate that he can state a viable claim against Defendant Baca or any other individual. Accordingly, if Plaintiff wishes to pursue this action, he may file a first amended complaint within **thirty (30) days** of the date of this Order, remedying the deficiencies discussed above. The first amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name. The first amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place, and circumstances of the offending conduct, the names of the individuals who committed the conduct, the full details of what each defendant did or failed to do, and the damage or injury suffered by Plaintiff as a result.

Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court. A knowing misrepresentation to the Court is punishable by sanctions, including dismissal.

3. If Plaintiff decides not to pursue this action, he need not file anything in response to this Order and the case shall be dismissed without prejudice.

4. Plaintiff is cautioned that the failure to timely file a first amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and

5

claims outlined above.

5. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach additional pages to detail his allegations, if necessary.

**SO ORDERED**

Dated: July 18, 2008

_____
Marc L. Goldman
United States Magistrate Judge